IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CHRISTIAN SAWYER, *Appellant*,

*v.*

ARIZONA DEPARTMENT OF WATER RESOURCES, *Appellee*.

No. 1 CA-CV 25-1036
FILED 08-10-2026

Appeal from the Superior Court in Maricopa County
No.  LC2025-000103-001
The Honorable Scott A. Blaney, Judge

Arizona Department of Water Resources
No. WA202500001

**AFFIRMED**

COUNSEL

Christian Sawyer, Douglas
*Appellant*

Arizona Department of Water Resources, Phoenix
By Kimberly R. Parks, R. Jeffery Heilman, Nicole D. Klobas
*Counsel for Appellee*

**OPINION**

Presiding Judge Andrew M. Jacobs delivered the opinion of the Court, in which Judge Daniel J. Kiley and Judge Veronika Fabian joined.

**J A C O B S**, Judge:

¶1        Christian Sawyer appeals the superior court's grant of the Arizona Department of Water Resources' ("ADWR") motion to dismiss his appeal of a final administrative decision of its director as untimely.  ADWR served the decision on Sawyer by publication on December 11, 2024, but he didn't appeal it until February 5, 2025.  Because A.R.S. § 12-904(A) required him to appeal the decision within 35 days of service, we affirm.

## FACTS AND PROCEDURAL HISTORY

### A.        ADWR Adopts the Management Plan.

¶2        ADWR issued its Proposed First Management Plan ("Management Plan") for the Douglas Active Management Area on October 2, 2024.  ADWR considered oral and written comments, including Sawyer's, made in a public hearing concerning the Management Plan.

¶3        On November 27, 2024, ADWR adopted the Management Plan and its director issued a written Summary of Hearing and Findings concerning all matters and comments it considered.  As A.R.S. § 45-571(C) requires, ADWR adopted the Management Plan in a final agency order ("Order") and published a notice of the Order in the *Sierra Vista Herald/Review* for two consecutive weeks, first on December 4, 2024, and again on December 11, 2024.  The parties agree service of the Order was complete on December 11, 2024, when the notice was published for the final time.  *See* A.R.S. § 45-571(C).

### B.        Sawyer Appeals 56 Days After ADWR Publishes the Order, and the Superior Court Dismisses His Appeal as Untimely.

¶4        On February 5, 2025 — 56 days after service of the Order was complete — Sawyer filed a notice of appeal challenging ADWR's adoption of the Management Plan.  ADWR moved to dismiss Sawyer's appeal, arguing it was untimely.  Sawyer opposed the motion, asserting that the 30-day statutory period within which the public could have requested agency review of the Order and the 35-day statutory period within which the public could seek judicial review of the Order should be treated as running consecutively (which would make his appeal timely) and not concurrently.

¶5        The superior court granted the motion and dismissed Sawyer's appeal for lack of jurisdiction.  Holding that the 30-day agency review window in A.R.S. § 45-114(C) and the 35-day judicial review window in A.R.S. § 12-904(A) run concurrently (and not consecutively), the

court concluded that Sawyer was required to file a notice of appeal within 35 days after service of the Order on December 11, 2024 (which was January 15, 2025). The court further explained that had Sawyer moved for rehearing or agency review under A.R.S. § 45-114(C)(1), the 35-day judicial review period would have been stayed until after the director of ADWR issued an order on that motion. But Sawyer didn't move under A.R.S. § 45-114(C)(1).

¶6 Sawyer timely appealed. We have jurisdiction. Ariz. Const. art. 6 § 9; A.R.S. §§ 12-120.21(A)(1), -913; *see Svendsen v. Ariz. Dep't of Transp.*, 234 Ariz. 528, 533 ¶ 13 (App. 2014).

## DISCUSSION

¶7 Sawyer argues the superior court erred in dismissing his appeal for lack of jurisdiction, viewing it as untimely. According to Sawyer, the 30-day period to move for rehearing or review under A.R.S. § 45-114(C)(1) must expire before the 35-day period for seeking judicial review under A.R.S. § 12-904(A) starts to run, so the periods run consecutively. ADWR counters that we must read these statutes together sensibly and to give each of their parts effect, and that if we do, Sawyer's argument fails.

¶8 We review the interpretation of rules and statutes *de novo*. *McKesson Corp. v. Ariz. Health Care Cost Containment Sys.*, 230 Ariz. 440, 441 ¶ 4 (App. 2012). And we interpret statutes to give them fair and sensible meanings. *Ford v. State*, 194 Ariz. 197, 199 ¶ 7 (App. 1999); *see State v. Razo*, 195 Ariz. 393, 394 ¶ 3 (App. 1999).

¶9 We begin our analysis by reviewing the controlling statutes. Under A.R.S. § 12-904, the general statute governing appeals of administrative determinations to the superior court, a party has 35 days from service of an administrative decision to file their notice of appeal. A.R.S. § 12-904(A). Separately, the statute that governs appeals of ADWR determinations to the superior court, A.R.S. § 45-114(C), contains two provisions relevant here. The first, A.R.S. § 45-114(C)(1), provides that if a party moves ADWR to review its own decision administratively, then the decision is not final for purposes of judicial review until the director issues a decision on the party's request for review. A.R.S. § 45-114(C)(1). Parties have 30 days in which to seek that review. *Id.* The second, A.R.S. § 45-114(C)(2), provides that if no party moves ADWR to rehear or review its own decision, "the . . . decision is final for the purposes of judicial review by any party." A.R.S. § 45-114(C)(2).

¶10 Sawyer's argument — that the 35-day period to judicially appeal an ADWR decision only starts after either ADWR reviews its

decision, or no one moves ADWR to administratively review it for 30 days — fails. His interpretation of A.R.S. § 45-114(C) would undo A.R.S. § 12-904(A), which mandates a 35-day period to appeal. Under his view, if no one moves ADWR to administratively review its decision under A.R.S. § 45-114(C)(1) within 30 days, parties would have 35 more days to appeal, so the time to appeal would always be at least 65 days.

¶11 Viewing A.R.S. § 45-114(C) as in conflict with A.R.S. § 12-904(A) — and thus displacing A.R.S. § 12-904(A) — would violate the cardinal rule of interpretation that "[w]e must endeavor to interpret different sections of the same statute consistently . . . and to construe apparently conflicting statutes in a way that gives effect to all." *Razo*, 195 Ariz. at 394 ¶ 3. ADWR's position – that the 30-day and 35-day periods run concurrently, so the judicial appeal period is 35 days unless a motion for administrative rehearing tolls the period under A.R.S. § 45-114(C)(1) – harmonizes A.R.S. § 45-114(C) with A.R.S. § 12-904(A). We thus decline to adopt Sawyer's reading of these statutes, which fail to give them all effect. *See id.*

¶12 Reading A.R.S. § 45-114(C) to displace A.R.S. § 12-904(A), as Sawyer would, is unsound analytically because A.R.S. § 12-904(A), in combination with A.R.S. § 12-905, establishes the superior court's jurisdiction to hear administrative appeals. *See Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 413 ¶ 25 (2006) ("The time for filing an appeal . . . for judicial review" of an administrative decision by the Arizona Citizens Clean Elections Commission is jurisdictional and prescribed by A.R.S. § 12-904(A).); *Ariz. Dep't of Econ. Sec. v. Holland*, 120 Ariz. 371, 373 (App. 1978) ("Appeal being a statutory privilege, jurisdictional requirements prescribed by statute must be strictly complied with to achieve entrance to appellate review" of administrative decisions by the Arizona Department of Economic Security.); *Johnson v. Ariz. Registrar of Contractors*, 242 Ariz. 409, 412 ¶ 7 (App. 2017) (holding that "[t]he deadline for filing an administrative appeal" of a decision by the Arizona Registrar of Contractors imposed by A.R.S. § 12-904(A) is jurisdictional). ADWR's interpretation of the statutes at issue here leaves intact the operation of A.R.S. § 12-904(A), the statute that confers jurisdiction upon petitioners like Sawyer, underscoring that it is the correct one. *See Ariz. Libertarian Party v. Schmerl*, 200 Ariz. 486, 490 ¶ 13 (App. 2001) ("We have a duty to construe statutes to give them a 'reasonable and constitutional meaning.'" (quoting *Ariz. Downs v. Ariz. Horsemen's Found.*, 130 Ariz. 550, 554 (1981))).

¶13 We thus analyze the timeliness of Sawyer's judicial appeal of ADWR's decision by applying the 35-day limit imposed by A.R.S. § 12-

904(A), as read in concert with A.R.S. § 45-114(C).  Service on Sawyer of the Order was complete on December 11, 2024.  No party filed a motion for rehearing or review under A.R.S. § 45-114(C)(1), so there was no tolling of the 35-day period.  Accordingly, the Order was final for purposes of judicial review under A.R.S. § 45-114(C)(2) as of the date of service, and the 35-day deadline in A.R.S. § 12-904(A) applied.  Because Sawyer filed his notice of appeal on February 5, 2025, more than 35 days after service, Sawyer's appeal was untimely.  The superior court properly dismissed his appeal for lack of jurisdiction over it.

**CONCLUSION**

¶14        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR